UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-407-FDW-DCK

| | |
|---|---|
| JAMES HOYLE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>TASHA FOOTE, Property Manager, )<br>GEORGE CONNER, Regional Property )<br>Manager, )<br>RHONDA JACKSON, Community )<br>Safety Investigator, )<br>CHARLOTTE HOUSING )<br>AUTHORITY, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1) under 28 U.S.C. § 1915 and § 1915A, and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

I.  **BACKGROUND**

Pro se Plaintiff James Hoyle filed this action on July 16, 2013, on a form used for actions brought pursuant to 42 U.S.C. § 1983 and naming the following as Defendants: (1) the Charlotte Housing Authority ("CHA"); (2) Tasha Foote, identified as the property manager of Charlottetown Terrace of the CHA; (3) George Connor, identified as the regional property manager of the CHA; and (4) Rhonda Jackson, identified as the community safety investigator for the CHA. Plaintiff purports to bring a claim against Defendants under the American with

1

Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. As to Defendant CHA, Plaintiff alleges that:

> Defendant CHA has systematically, willfully, and wantonly refused to comply with the most basic tenets of the American with Disabilities Act to the detriment of its tenants. This includes, but is not limited to, intimidating and harassing tenants through punishing or threatening to punish tenants for disabilities recognized under the ADA.

(Doc. No. 1 at 2). Plaintiff further alleges that:

> Since moving into the CHA multiple CHA staff has chosen, or been instructed to disregard the ADA in violation of my civil and human rights. Every lease citation I received was directly attributable to my disabilities or meds. IF CHA staff had been trained on the various disabilities they deal with in a building for disabled people this problem would be virtually eliminated.

(Id. at 3).

> Next, as to the individual Defendants, Plaintiff alleges that Defendant Foote
>
> was verbally notified myriad times about my meds and disabilities including PTSD, insomnia, agoraphobia, and anxiety; provided notes from two doctors, sent two emails to her CHA account, and had written letter! She continues to disregard and mock my debilitating disabilities in her position as manager in a building for disabled people.

(Doc. No. 1 at 3). As to Defendant Connor, Plaintiff alleges that Connor "was notified 3 times by phone, twice by email about my disabilities and meds. [Connor] was asked to make his staff comply with the ADA. Subordinates refused continue to refuse and disregard the ADA. Has done nothing to re-educate, correct, or reprimand his staff." (Id.). Finally, as to Defendant Jackson, Plaintiff alleges that Jackson "unilaterally demanded a meeting @ 10:30 AM with no input from me on 6-5-13 with my disabilities and meds having been documented to [Defendants Foote and Connor], including an email to [Defendants Foote and Connor] that Plaintiff is unavailable at that time. R. Jackson

2

wrote lease citation for non-appearance at meeting against plaintiff in violation of ADA." (Id.).

Plaintiff purports to bring two "counts" in his Complaint, although both counts appear to relate to his ADA claim. As to Count One, Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA by "issu[ing] lease citations that were due to my disabilities or meds that refused to eliminate said citations, thereby violating my civil/human rights and placing my residency in jeopardy." (Id. at 4). As to Count Two, Plaintiff alleges that Defendant Foote "consistently makes snide comments, talks down to me about my disabilities, lied to me and about my mother. Refuses to accept my disabilities as legitimate, gossips, spreads rumors about me to tenants, etc." (Id.). Plaintiff states that as a result of Defendants' conduct he has suffered from emotional distress, depression, uncontrollable crying, and anxiety. (Id.). For requested relief, Plaintiff seeks an injunction from this Court to halt any current or future eviction proceedings in state court; an order requiring CHA to hire a full-time ADA expert; a written statement from CHA acknowledging wrong-doing to CHA residents; an order requiring CHA to permanently expunge and destroy all lease citations against Plaintiff; and varying amounts in compensatory damages against Defendants. (Id. at 5).

The Court has examined Plaintiff's financial affidavit in which Plaintiff states that he has had an average income of $755.00 for the past 12 months, all from disability payments and public assistance, and that his average monthly expenses have totaled $723.00. (Doc. No. 2 at 4-5). Plaintiff further attests that he is "a bilateral above knee amputee subsisting on [social security disability] and [social security income]." (Id. at 5). The Court has determined that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's

motion to proceed in forma pauperis will be granted.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

The ADA requires exhaustion of administrative remedies before filing a complaint. Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964 . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a

charge with the EEOC before pursuing a suit in federal court."). Nowhere in the Complaint does Plaintiff allege that he exhausted his administrative remedies with respect to his ADA claim by filing a charge with the EEOC, nor has he attached to the Complaint an EEOC Notice of Charge or Notice of Right to Sue. Plaintiff states only that he sought administrative remedies from Defendant CHA, but that CHA denied Plaintiff's grievances. (Id. at 5). Here, because Plaintiff has failed to allege that he exhausted his administrative remedies before filing this lawsuit by filing a Notice of Charge with the EEOC, the Court lacks subject matter jurisdiction over the ADA claim asserted against Defendants.

The Court further finds that, even if Plaintiff had exhausted his administrative remedies, his ADA claim against the individual Defendants in this case fails. The Fourth Circuit has held that the ADA does not provide for causes of action against defendants in their individual capacities. See Baird ex rel. Baird v. Rose, 192 F.3d 462, 471 (4th Cir. 1999). Therefore, even if Plaintiff had exhausted his administrative remedies, his ADA claim against the individual defendants would still fail.

## IV. CONCLUSION

In sum, for the reasons stated herein, this Court will dismiss the Complaint.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **DENIED**.
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED**. Dismissal as to the individual Defendants is with prejudice. Dismissal with respect to CHA is without prejudice to Plaintiff to refile this action, specifically alleging that he filed EEOC charges, and attaching his EEOC Notice of Charge and Notice of

Right to Sue to the Complaint.

Signed: July 23, 2013

Frank D. Whitney
Chief United States District Judge